IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | |
|---|---|
| **CHANDRA BROOKS**<br>1622 McCulloh Street #2<br>Baltimore, Maryland 21217<br><br>    PLAINTIFF,<br><br>vs.<br><br>**SHOPRITE OF GLEN BURNIE, LLC**<br>Served: The Corporation Trust<br>351 West Camden Street<br>Baltimore, Maryland 21201<br><br>AND<br><br>**WAKEFERN FOOD CORPORATION**<br>Serve: The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>AND<br><br>**AP CLEANING SERVICES, LLC**<br>Serve: Kasia Augustyn<br>915 Sycamore Drive<br>Southhampton, Pennsylvania 18966<br><br>    DEFENDANTS, | Civil Case No.: 1:17-cv-2940 |

## COMPLAINT AND PRAYER FOR JURY TRIAL

Chandra Brooks (hereinafter referred as "Plaintiff"), by her attorneys, KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., sues Shop Rite of Glen Burnie LLC ("ShopRite"), Wakefern Food Corporation ("WFC"), and AP Cleaning Services LLC ("ACS"),(collectively referred as "Defendants"). For reasons state:

### COUNT I- NEGLIGENCE
### (SHOPRITE AND WFC)

1. Plaintiff Chandra Brooks is a citizen of the United States and a resident of Baltimore City, Maryland.

2. Defendant, ShopRite is a foreign corporation registered to do business in the State of Maryland.

3. Defendant, WFC is a New Jersey Corporation authorized to conduct business in the State of Maryland. WFC is the nation's largest retailer-owned (non-farm) cooperative in the United States and is comprised of 50 members who independently own and operate more than 250 ShopRite and The Fresh Grocer supermarkets in New Jersey, New York, Pennsylvania, Connecticut, Maryland and Delaware At all times relevant hereto, Defendant ShopRite was an agent, servant of Defendant WFC acting within the scope of its agency.

4. Defendant, ACS, is an un-registered business, who upon information and belief conducts business in Maryland. At all times relevant hereto, Defendant ACS was an agent, servant of Defendants' WFC and ShopRite acting within the scope of its agency.

5. At all times relevant hereto, Defendants acted by and through its agents, servants, workmen and/or employee, who were acting within the course and scope of their agency, employment and/or authority, and in furtherance of the Defendants interests.

6. At all times material hereto, Defendants' WFC and ShopRite were in possession and control of the premises at 6716 Governor Ritchie Highway, Glen Burnie, Maryland 21061 (hereinafter referred the "Premises").

7. At all times relevant herein, Plaintiff was a customer/business invitee on the premises.

8.      At all times relevant hereto, Plaintiff conducted herself in a safe, careful and vigilant manner and exercised due care for her own safety and was not in any way contributory negligent.

9.      On October 6, 2014, at approximately 11:00 p.m., (hereinafter referred as the "Accident Date"), Plaintiff was shopping inside of the premises.

10.     Plaintiff was walking towards the rear of the store to buy seafood salad, when she picked up the salad and began to walk back toward the cash register. On her way to the cash register, she slipped on a wet, liquid substance that was not open and obvious. As a result, plaintiff legs gave way underneath her; she slipped and fell backwards onto her buttocks. As a result of the slippery and wet condition on the floor on the Defendants premises, Plaintiff was caused to violently slip and fall backwards onto her buttocks, causing serious injuries to her body. Plaintiff's fall occurred in the public area of Defendants premises. Plaintiff was not contributorily negligent.

11.     Defendants' had a duty to maintain the premises, including the floors and floor coverings in a reasonably safe condition and to see that these areas were free from damage or defects that could present a hazard to the business invitee.

12.     Defendants' were responsible for insuring that its property was safe for all customers entering upon its premises.

13.     Plaintiff did not know that the floor was wet and neither was she warned of the possibility. Plaintiff was a business invitee on the Defendants' premises. Defendants' had a duty to maintain the safety of its property for its patrons and to protect them from any possible injury. On the aforementioned date and time of the incident, Defendants' knew or should have known of the wet condition of the floor on which Plaintiff was caused to slip and fall, and that this created

3

a dangerous hazardous condition. Moreover, Defendants' knew or should have known of the potential danger it presented to Plaintiff as well as other invitees of its establishment, but took no action to limit or eliminate the danger.

14. Defendants' breached this duty of care by failing to properly clean its floors and failing to warn its customers of the wet floor due to water, which ultimately resulted in the injury to Plaintiff. Defendants' had a further duty to inspect its floors and walkways and other areas open to its business invitees, to discover the presence of any condition that would present a hazard, to block off the area of said hazards, post notices of said hazards, and to remove said hazards from the premises.

15. As a result of Defendants' negligence, Plaintiff has suffered emotional, financial and physical damages. Plaintiff suffered permanent injuries to her lumbar and sacral vertebrae. Plaintiff will continue to suffer the physical damage as she has suffered a permanent injury to her lumbar and sacral vertebrae.

16 Defendants' breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable condition; (b) failing to monitor and/or inspect the premises; (c) failing to keep the floor in a dry and safe condition; (d) failing to warn Plaintiff, a business invitee, of the defect; and (e) failing to correct the hazardous and dangerous defect.

**WHEREFORE,** Plaintiff demands judgment against Defendants' jointly and severally in the amount One Million Five Hundred Dollars ($1,500,000.00) in compensatory damages, plus prejudgment and post judgment interest and costs.

### COUNT II- NEGLIGENCE
### (ACS)

17. Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

18. Upon information and belief, Defendants ShopRite and WFC and Defendant, ACS entered into a vendor agreement (the "VA"), by which, ACS, would be responsible for cleaning the premises.

19. Upon information and belief, this agreement was in full force and effect at the time of incident alleged by Plaintiff in the Complaint.

20. Upon information and belief, ACS., was to provide specific floor care services to Defendants' ShopRite and WFC's premises.

21. As a direct and proximate result of the Defendants' ShopRite &WFC and their agents, ACS, the Plaintiff has sustained significant bodily injuries, incurred medical expenses and lost wages, as well as pain and suffering.

22. That at all times relevant hereto it was the duty of the Defendant to exercise ordinary or reasonable care in the execution of its cleaning duties. Moreover, it was likewise their duty to properly maintain the premises which they were contracted to clean.

23. As a direct and proximate result of the Defendant negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff Brooks demands judgment against Defendant, ACS in the amount One Million Five Hundred Dollars ($1,500,000.00) in compensatory damages, plus prejudgment and post judgment interest.

## COUNT III- RESPONDEAT SUPERIOR
### (WFC)

24. Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

25. The Plaintiff injuries were directly and proximately caused by the negligent acts of Defendant ShopRite and/or their agents, who were acting within the scope of their employment with WFC. Under Maryland Law, Defendant WFC is vicariously liable for all negligent acts committed by its agent, ShopRite.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount One Million Five Hundred Dollars ($1,500,000.00), plus interest and cost.

.

Respectfully submitted,

/s/ Kim Parker

_____
KIM PARKER, ESQUIRE
**Federal Bar No.: 23894**

LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621, Office
(410) 234-2612, Facsimile
Email: kp@kimparkerlaw.com

COUNSEL TO PLAINTIFF

**PRAYER FOR JURY TRIAL**

Plaintiff respectfully prays for a jury trial in this matter on all counts herein stated in her Complaint.

/s/ Kim Parker

_____
Kim Parker, Esq.